The city attorney is the lawful head of the legal department of the city of Louisville. As such, it is his duty to attend to all of the litigation of the city, and to advise the mayor, the general council, and the other city officers of their duty when required. These duties cannot be taken from him, or transferred to another. While it is within the province of the general council to appoint assistants to the city attorney, they must be his assistants, do what he directs, and can be clothed with no authority to give opinions or act in any wise independent of him. They must be under his constant supervision and direction, and cannot be called upon, except through him, for opinions on questions arising in the execution of the public business of the municipality. It is the right of the people to have the municipal officers, from the mayor, who is at the head of the executive department of the city, to the lowest official, advised as to their legal duties by the city attorney, and not by any other officer or officers whom the general council may choose to create or appoint.

The petition for rehearing is overruled.

---

## L. & N. R. R. Co. v. City of Louisville.

(Decided December 8, 1910.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Municipalities—Ordinance Extending City Avenue Across Railroad Track—Objection by Railroad Company.—The city council of Louisville at the request of the board of public works in 1907, passed an ordinance fixing the grade of Roberta Avenue, and directed that it be extended across the L. & N. R. R. track and connected with Frankfort Avenue; the Frankfort Avenue being three feet higher than the railroad track, and nineteen

feet therefrom; to which the railroad company objected, and filed a petition for an injunction, to which a demurrer by the city was sustained and the railroad company appeals. Held, it is well settled that an ordinance cannot be assailed as invalid merely because it may be considered as unreasonable, or as working a hardship in particular cases. In other words, what the Legislature expressly authorizes cannot be set aside by the courts because they deem it unreasonable.

2.  Legislative Power—Ordinance in Pursuance Thereof.—But when the power to legislate on a given subject is conferred, and the mode of its exercise is not prescribed, then an ordinance passed in pursuance thereof must be a reasonable exercise of the power, or it would be pronounced invalid.

3.  Same—Power to Declare Ordinance Void.—It is only in extreme cases that the power to declare a municipal ordinance passed pursuant to legislative authority void on the ground that it is unreasonable, arbitrary and oppressive.

HELM BRUCE for appellant.

CLAYTON B. BLAKEY and ELMER C. UNDERWOOD for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The L. & N. railroad in the eastern part of the city of Louisville runs east and west, and there is on the north side thereof a street sixty feet wide running north and south, called "Roberta avenue" which, if extended, would cross the railroad tracks at right angles. The city council of Louisville, at the request of the board of public works, in October, 1907, passed an ordinance fixing the grade of the avenue, directing that it be extended across the railroad tracks and connected with Frankfort avenue which is on the south side of and parallel with the railroad tracks. Frankfort avenue is about three feet higher than the railroad tracks and near nineteen feet therefrom. In November, 1907, the city instituted proceedings to condemn appellant's property for the purpose stated. Appellant defended and endeavored to prevent the street crossing its tracks at that point. One of its objections was that the grade from Frankfort avenue to its tracks was such as to render it impracticable and dangerous to it and the public to have a street crossing at that point. The case was tried in the lower court and appealed by the railroad company to this court where the judgment of the lower court was reversed on account of an error in

the instruction on the measure of damages. (L. & N. R. R. Co. v. City of Louisville, 131 Ky. 108; 114 S. W. 743.) It was again tried in the lower court, judgment rendered, an appeal prosecuted to this court and the ruling of the lower court affirmed. (122 S. W. 849.) After the mandate was filed, the city council passed an ordinance directing that Roberta avenue, be extended and improved in accordance with the grade theretofore fixed; that the railroad company construct the street across its tracks at its own expense, and named the material which should be used, gave it a certain time within which to perform the work, and in case it failed to do it within that time, a penalty of $25 was imposed for each day thereafter until the work was completed. Immediately thereafter this action was instituted by appellant to enjoin appellee from extending the avenue across its tracks for three reasons: First, the ordinance was void because the penalty named therein applied alone to appellant, and did not apply to any other railroad in the city. Second, because it required appellant to pay the whole cost of constructing the street across its tracks. Third, the ordinance was unreasonable and contrary to the statute. The following allegations are made in the petition to show that the ordinance is unreasonable and void, to-wit:

"The probability is that persons attempting to cross said track from the north and to drive vehicles upon said grade which terminates as aforesaid, only a few inches from the plaintiff's track, will become stalled on said grade and their horses or mules will allow the vehicles to back down upon plaintiff's track; and persons proceeding northwardly, to-wit: Downwardly upon said grade in vehicles, will be unable to check said vehicles on said grade, and will be precipitated upon plaintiff's tracks; all of which dangers will, of course, be increased and aggravated in wet weather, or when for any reason the surface of the street upon said grade is slippery. Over its tracks and along the place proposed to be crossed by said street, plaintiff operates great numbers of freight and passenger trains every day, which number of freight and passenger trains together aggregate an average of 57 trains per day."

It is unnecessary to say but a few words upon the first two propositions. If the ordinance is unreasonable and void in the respects alleged by appellant, it has an adequate remedy at law. In such a case it could not be made

to pay the whole cost of constructing the street across its tracks, nor made to pay the penalty stated. But it does not follow that the ordinance is void if it is erroneous in these respects. These provisions may be eliminated and the others with reference to the construction of the street, left valid.

This leaves only the third proposition for consideration, that is, the alleged unreasonableness of the grade, which is three feet in nineteen just south of the railroad tracks. This question was presented when the proceeding to condemn the right of way was started, and should have been, if it was not, settled before the property was finally condemned and the money paid to appellant for the right of way. We are not, however, at liberty to pass upon the question of res adjudicata presented by appellee's counsel because there is nothing before us, except the sufficiency of appellant's petition for the injunction, as the lower court sustained appellee's demurrer to it. The matter of res adjudicata can only be presented to the court by pleading. In answer to appellant's complaint of the unreasonableness of the ordinance, we quote from the case of C. & O. R. R. Co. v. City of Maysville, 24 Ky. Law Rep., 615, the following:

"The only point relied on is that the ordinance is, under the facts of the case, an unreasonable and oppressive exercise of the police power, and for this reason uninforcible. The ordinance complained of was passed pursuant to express legislative authority, and, as was said in Hall v. Commonwealth, 101 Ky. 385, 'it is a well settled rule that an ordinance cannot be assailed as invalid merely because it may be considered as unreasonable, or as working a hardship in particular cases. In other words, what the Legislature expressly authorized cannot be set aside by the courts because they deem it unreasonable.'

"In the case of Commonwealth v. Fowler, 96 Ky. 179, in sustaining the validity of a statute passed in the exercise of police power, this court said: 'We cannot hold this or any law invalid for the reason simply that it violates our opinion of justice or is oppressive, or, in our opinion, is not required or authorized by public necessity. The remedy for unwise or unjust legislation is not to be provided by the judiciary.'

"In L. & N. R. R. Co. v. Kentucky, 161 U. S., 667, the court said: 'Whatever is contrary to public

policy or inimical to the public interest is subject to the police power of the State, and within legislative control, and in the exercise of such power the Legislature is vested with a large discretion, which, if exercised bona fide for the protection of the public, is beyond the reach of judicial inquiry.' ''

Appellant cites Dillon on Municipal Corporations, section 328, which is as follows:

''When the Legislature in terms confers upon a municipal corporation the power to pass ordinances of a special and defined character, if the power thus delegated be not in conflict with the Constitution, an ordinance passed pursuant thereto cannot be impeached as invalid because it would have been regarded as unreasonable if it had been passed under the incidental power of the corporation, or under a grant of power general in its nature. In other words, what the Legislature distinctly says may be done, can not be set aside by the courts because they may deem it to be unreasonable or against sound policy. But where the power to legislate on a given subject is conferred, and the mode of its exercise is not prescribed, then the ordinance passed in pursuance thereof, must be a reasonable exercise of the power, or it would be pronounced invalid.''

In addition to the above citation, appellant makes many more from this and other States to sustain his position. The rule stated by Dillon is a reasonable one. It is claimed that the city council of Louisville did not have express authority from the Legislature to make this street improvement; that it acted in excess of its prescribed power, and that the court, therefore, has a right to declare that the acts of the Board of Public Works and the city council in this case are unreasonable. In the case of L. & N. R. R. Co. v. City of Louisville, 114 S. W., 743; 131 Ky. 108, this court said:

''We think they (meaning the Statutes) confer upon the city in terms as express as need be a right to condemn land for streets and highways.''

The section above referred to, section 2831, refers to the section of the Statutes which provides the mode and manner of condemning land for park purposes, and says that it shall be the same in proceedings to condemn land for street purposes. This is just as valid and binding upon the council as if the mode was prescribed in the section itself. But, as stated in the case of C. & O. R. R. Co. v. City of Maysville, supra, it is only in ex-

treme cases that the power to declare a municipal ordinance passed pursuant to express legislative authority, void on the ground that it is unreasonable, arbitrary and oppressive, and we do not think a grade, such as suggested in the petition, is so unreasonable and extreme that we should interfere, even if we had a right to.

For the reasons stated, the judgment of the lower court is affirmed.