## Hughes v. Hughes.

(Decided December 11, 1925.)

### Appeal from Grayson Circuit Court.

1. Divorce—Wife Cannot Sue for Alimony After Foreign Divorce.—A foreign decree of divorce in favor of husband for desertion of wife, rendered on publication and mailed notice and silent as to alimony, is conclusive in suit by wife for alimony on theory that foreign decree did not dispose of that question.

2. Judgment—Judgments of Sister States Not Subject to Collateral Attack Except for Questions of Jurisdiction.—Judgments of sister states are not subject to collateral attack except for lack of jurisdiction, fraud affecting jurisdiction, or discretion of court to exercise jurisdiction.

3. Action—Purpose of "Proceeding in Personam" is to Impose Liability Directly upon Person of Defendant.—Purpose of "proceeding in personam" is to impose, through judgment of court, some responsibility or liability directly on person of defendant.

4. Action—"Proceeding in Rem" Aimed at Property of Defendant.— "Proceeding in rem" is aimed, not at person of defendant, but at his property or some other thing within power and jurisdiction of court.

5. Judgment—Judgment in Proceedings in Personam Not Valid Unless Defendant is Personally Served with Notice.—Judgment in proceedings in personam is not valid unless defendant has been personally served with notice of action or suit.

6. Constitutional Law—Defendant Does Not Have to be Served Personally in Proceedings in Rem if Nonresident.—In proceedings in rem, if res be within the court's jurisdiction, due process of law does not demand that actual notice should be served upon defendant personally, if he be nonresident, as law presumes that he keeps in touch with his property, and will be informed if any peril threatens it.

7. Divorce—Divorce is a Quasi in Rem Proceeding, Res Being Marriage Status.—Divorce is a quasi in rem proceeding, and res is the marriage status, the joint relation which husband and wife bear to common bond.

8. Divorce—Divorce Decree Taken in Illinois Must be Given Full Faith and Credit in Kentucky.—Where home of married couple had been in Illinois after wife's abandonment of husband, decree in Illinois court divorcing parties must be given full faith and credit in Kentucky.

9. Divorce—Supreme Court Cannot Review Finding of Illinois Court on Granting Decree of Divorce.—Supreme Court cannot review finding of court of Illinois in divorcing husband and wife; hence cannot consider suggestion that judgment in Illinois was procured by false testimony, and cannot correct errors that may be in that judgment.

10. Divorce—Decree of Divorce is Valid Everywhere, if Valid Where Created.—Decree of divorce confers status on husband and wife, which like status of marriage is valid everywhere if valid where created.

11. Divorce—Husband and Wife—Marital Rights are the Basis for Alimony, Maintenance, and Support.—Woman does not by marriage acquire any property rights in her husband, but she does acquire marital rights which are basis of claim for maintenance, support, or alimony.

ALLEN P. CUBBAGE and H. FLETCHER LEWIS for appellant.

OTTO C. MARTIN and J. M. CAMPBELL for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

Appellant, whom we will refer to as the husband, seeks to reverse a judgment against him for $1,250.00 alimony and $250.00 attorney's fee recovered by the appellee, whom we will refer to as the wife. They were married on May 6, 1918, at Cape Girardeau, Mo., and made their home during all their married life at Murphys-

boro, Jackson county, Illinois. On June 20, 1920, the wife left the husband. It appears from the evidence, that they have never lived together as man and wife since that time. On June 29, 1922, the husband filed a bill for divorce, in the circuit court of Jackson county, Illinois, charging desertion, and this decree was entered by that court on September 25, 1922:

"This cause having come on to, be heard upon the bill of complaint herein, and the summons issued herein having been returned by the sheriff of said county of Jackson, the defendant not found in said county, the defendant having been further summoned by notice by publication, published in the Carbondale Free Press, a newspaper of the county of Jackson, in the state of Illinois, for a period of four successive weeks at least once each week, prior to the first day of September term of said court, and the first publication of said notice having been published as aforesaid on a date more than thirty days before the first day of the said September term of the said court; and the clerk of the said court having sent the said defendant a copy of said notice within ten days from the date of the first publication of same, directed to the defendant at her last known place of residence, as set forth in the complainant's affidavit of nonresidence filed herein, said notice being mailed to the defendant within ten days from the date of the first publication of same; and the defendant having been three times called in open court to appear, except, demur, plead or answer the complainant's bill, came not, but herein made default; and the court having ordered that the said bill of complaint and the matter therein contained be taken as confessed; and the court having heard the oral testimony of witnesses, sworn and examined, in open court; and having heard the argument of counsel and being fully advised in the premises, on consideration thereof, finds that the defendant did on or about the 20th of June, 1920, wilfully desert and absent herself from the complainant without any reasonable cause for the space of two years and upwards, viz., from on or about June 20th, 1920, hitherto, as charged in the complainant's bill of complaint. It is therefore ordered, adjudged and de-

creed by said court that the marriage between the
complainant and the defendant be dissolved, and the
same is hereby dissolved accordingly; and the said
parties are, and each of them is free from the obli-
gation thereof. It is further ordered, adjudged and
decreed by the court that neither the defendant nor
the complainant shall remarry within the space of
one year hereof, except that they remarry each
other.

"WM. N. BUTLER, judge of the circuit court."

After leaving her husband, the wife came to the
home of her father in Leitchfield, Grayson county, Ken-
tucky, where she remained until some time in the fall.
Then she returned to Illinois and claims to have en-
deavored to resume marital relations with the husband,
and that her efforts so to do continued until April, 1921,
at which time, disheartening and despairing of ever
affecting a reconciliation, she returned to her father's
home, and has there since resided. In the early part of
August, 1922, the wife says she received through the
mail from the clerk of the circuit court of Jackson county,
Illinois, a clipping from the Carbondale Free Press, of
Carbondale, Illinois, advising her of the institution and
pendency of the divorce proceeding begun by her hus-
band. The wife entered no appearance in Illinois, but
on August 22, 1922, before judgment had been rendered
by the Illinois court, filed her petition in the circuit
court of Grayson county, Kentucky, against her husband,
in which she prayed for a judgment of absolute divorce,
for permanent alimony, temporary maintenance, and the
settlement of the property rights between her and her
husband. A warning order was entered, and an at-
torney appointed to notify the husband of the pendency
of this action in Kentucky. The wife also sued out and
secured a general order of attachment which was levied
upon certain property of the husband located in Union
county, Kentucky. Thereafter, on January 3, 1923, the
husband entered his appearance to the suit in the Gray-
son circuit court, filed an answer to the wife's petition,
and in addition to pleading to the merits of the case,
pleaded the judgment of the circuit court of Jackson
county, Illinois, as a bar to the present action. The wife
replied to this answer, and alleged that the judgment in
Illinois had been procured by fraud and false testimony,

also alleged that at the time of the rendition of the judgment in Jackson county, Illinois, the husband knew of the pendency of her suit in the circuit court of Grayson county, Kentucky, and that the only matter set out in the petition in Illinois, and the only matter there litigated was the question of divorce, and that the questions of alimony, maintenance and property rights of the husband and the wife were not litigated or sought to be litigated in that action. The case was prepared and on April 15, 1924, the Grayson circuit court entered a judgment, the essential part of which is:

> "It is now adjudged by the court that the plaintiff recover alimony of the defendant in the lump sum of $1,250.00 and her costs expended in the action including an attorney fee of $250.00 to plaintiff's attorneys, for which execution may issue."

This is a large record, and it contains many very interesting questions, all of which are ably presented, but the discussion of which cannot do any good, as at the very threshold of the case we are confronted by a question arising under section 1 of article four of the Constitution of the United States, which provides:

> "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state."

We have here a finding by the circuit court of Jackson county, Illinois, that the wife was at fault, and on account thereof, that court sustained the husband's petition, and divorced these parties. Thereafter, without that judgment having ever been appealed from, set aside or modified in any way, the circuit court of Grayson county, Kentucky, with full knowledge of its existence, entered the judgment above noted. If full faith and credit must be given to the Illinois decree, then the judgment appealed from cannot be sustained, for in the case of Campbell v. Campbell, et al., reported in 115 Ky. 656, 74 S. W. 670, 25 R. 53, this court said:

> "While in this state alimony has not been regarded as an incident of the divorce, this in true only where the marital relation is continued. But where that relation is terminated without claim or reserva-

tion in the judgment of divorce concerning future support by way of alimony, all such rights of the parties must be deemed as fixed and settled by the judgment.''

The wife might, before this decree was entered in Illinois, have sued the husband and obtained alimony without obtaining a divorce, yet after the marriage tie has been severed by divorce, she had no more right to sue the husband for alimony than she would have to sue any stranger she might see upon the street.

Generally speaking, sister state judgments are not subject to collateral attack, except for lack of jurisdiction, fraud affecting the jurisdiction, or discretion of the court to exercise such jurisdiction. Thus it will appear that the first thing for us to determine is, did the court of Jackson county, Illinois, have jurisdiction of the parties, and of the subject matter? That county was the home of the husband, and it was the duty of the wife to be there unless excused for some reason. In other words, it was the matrimonial domicil of these two, and at the time of the institution of this suit in Illinois, it had been the matrimonial domicil of these two for over four years. It is insisted that the circuit court of Jackson county, Illinois, had no jurisdiction *in personam* of the wife, because she was not served with process, and never entered her appearance. We think it necessary to observe in passing some of the important distinctions between proceedings *in personam* and *in rem*. The purpose of a proceeding *in personam* is to impose, through the judgment of a court, some responsibility or liability directly upon the person of the defendant. Of this character are criminal prosecutions, suits to compel a defendant to specifically perform some act or actions to fasten a pecuniary liability upon him. A proceeding *in rem*, on the other hand, is aimed, not at the person of the defendant, but at his property, status, or some other thing within the power and jurisdiction of the court. In proceedings *in personam*, no judgment is valid unless the defendant has been personally served with notice of the action or suit, but in proceedings *in rem*, if the *res* be within the court's jurisdiction, due process of law does not demand that actual notice of the suit should be served upon the defendant personally, if he be a nonresident. The law presumes that he keeps in touch with

his property, and that he will be straightway informed if any peril threatens it.

Divorce is a quasi *in rem* proceeding, and it is necessary for us to determine what is the *res,* for the court's jurisdiction in proceedings *in rem* depends upon its jurisdiction of the *res.* It is generally admitted that the *res* is the married status, the joint relation which the husband and wife bear to a common bond. There can be no such thing as a husband without a wife, or a wife without a husband, hence when the court assumes to pronounce the decree destroying the married status of one of the consorts, it must necessarily destroy that status as to the other, and if the decree of Jackson county, Illinois, divorced the husband, it also divorced the wife.

As the principal question in this case arises under the federal Constitution, we shall find in the decisions of the courts of the United States, those authorities which will be our best guides, and in the case of Atherton v. Atherton, 181 U. S. 155, 45 L. Ed. 794, 21 Sup. Ct. 544, the Supreme Court of the United States upheld a judgment of divorce obtained in Kentucky by Peter Lee Atherton of Louisville, from his wife who at that time resided at Clifton, New York. She never appeared, and was only brought before the court in Kentucky by warning order.

In the later case of Haddock v. Haddock, reported in 201 U. S. 562; 26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1, the Supreme Court cited the case of Atherton v. Atherton as authority for the following:

"It is settled that where the domicil of a husband is in a particular state, and that state is also the domicil of matrimony, the courts of such state having jurisdiction over the husband may, in virtue of the duty of the wife to be at the matrimonial domicil, disregard an unjustifiable absence therefrom, and treat the wife as having her domicil in the state of the matrimonial domicil for the purpose of the dissolution of the marriage, and as a result have power to render a judgment dissolving the marriage which will be binding upon both parties, and will be entitled to recognition in all other states by virtue of the full faith and credit clause."

Again, in the case of Thompson v. Thompson, 226 U. S. 551, 33 Sup. Ct. 129, 57 L. Ed. 347, the Supreme Court

of the United States held that the courts of the state of
Virginia, which was the state of the domicil of the hus-
band and the only matrimonial domicil, had jurisdiction
to render a decree in his favor, entitled to full faith and
credit in the District of Columbia, despite the fact that
the wife had left the state, and could only be served by
publication. It seems to us that the citation of these
parallel cases from that great tribunal ought to satisfy
any one that the circuit court of Jackson county, Illinois,
had such jurisdiction of the husband and of the subject
matter as to require that the courts of this state should
give full faith and credit to its decrees. We can in no
sense review the finding of that court, and therefore, can
not consider the suggestion made that the judgment in
Illinois was procured by false testimony. This court can
not correct errors that may be in that judgment. By that
judgment, the circuit court of Jackson county, Illinois,
has dissolved the bond of matrimony theretofore exist-
ing between this husband and wife, and giving that judg-
ment here the same effect and validity it has there, with
that dissolution, all her marital rights arising out of
that bond came to an end. See Howey v. Goings, 13 Ill.
108, 54 Am. Dec. 427. This decree conferred a status
upon this husband and wife, which like the status of
marriage is valid everywhere if valid where created.
Luick v. Arends, 21 N. D. 614, 132 N. W. 353.

The wife suggests that her property rights have not
been adjudicated. A woman does not, by marriage, ac-
quire any property rights in her husband, as she would in
a horse, when she buys it, but she does acquire certain
marital rights which are the basis of her claim for main-
tenance, support or alimony; but when those marital
rights are destroyed, as happened here, when the Illi-
nois court entered this decree of divorce, she has no
further claims upon the husband.

The wife contended in the trial court and is contend-
ing here that the Illinois judgment did not become
effective for one year after it was filed, for the reason
that it provides the parties shall not marry again for a
period of one year thereafter. It is a part of the public
policy of Illinois to not permit divorcees to remarry
within a year, unless they marry each other, but the
courts of Illinois hold that a divorce is effective from the
time it is filed for record, regardless of the fact that

neither of the parties is permitted to marry any one else within a year.

See Moore v. Shook, 276 Ill. 47, 114 N. E. 592.

As the trial court failed to give to this judgment of Illinois that full faith and credit to which it was, as we find, entitled, it follows that this judgment must be, and it is hereby reversed, and this cause is remanded with directions to sustain the plea in bar, to set aside the order of attachment, and to dismiss the wife's petition.