## Title Ins. & Trust Co., Trustee, v. Louisville Presbyterian Theological Seminary et al.

(Decided June 22, 1937.)

ANDREW M. SEA, Jr., for appellant.

DODD & DODD for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The Louisville Title Company was engaged in the business of insuring titles, and also the business of selling and guaranteeing real estate bonds. Owing to the fall of real estate values during the depression, the company became insolvent and the Fidelity & Columbia Trust Company was appointed receiver, and thereafter its assets passed to the Title Insurance & Trust Company, Trustee.

On January 3, 1929, the company loaned to Edward F. Weigel and Alice W. Weigel $25,000, for which twenty-five $1,000 bonds were issued, secured by a mortgage on certain real estate in the city of Louisville. Of these bonds which were guaranteed by the company, thirteen were sold to the general public, the Louisville Presbyterian Theological Seminary becoming the owner of four, Isaac C. Harcourt the owner of six, and the Peoples Bank of Mount Washington the owner of three.

This action was brought by the Louisville Presbyterian Theological Seminary against the Fidelity & Columbia Trust Company, receiver of the Louisville Title Company, the Title Insurance and Trust Company, Trustee, and G. B. Senff, the Insurance Commissioner of the State of Kentucky, and the other bondholders, for the determination of the question, how the proceeds of the mortgaged property should be distributed. The chancellor adjudged that the outside holders of bonds were entitled to priority in the distribution of the proceeds of the mortgaged property, and also in any voluntary payments made by the makers of the bonds. Thereafter the Title Insurance & Trust Company, Trustee, and McKay Reed, the successor of G. B. Senff, Insurance Commissioner, moved to set aside the judgment, and that they be permitted to file general demurrers and also answers. The motion of the Insurance Commis-

sioner was overruled, but the judgment was set aside at the instance of the Title Insurance & Trust Company, Trustee. The answer tendered by the Title Insurance & Trust Company contained a general denial, a plea of res judicata, and also a plea that the twelve bonds not sold to the public were placed in a guaranty fund for the purpose of securing losses on its insurance contracts, and that said bonds, together with all bonds in the guaranty fund, were on the same footing as bonds owned by others. A similar answer was filed by McKay Reed, Insurance Commissioner. A demurrer to paragraphs 2 and 3 of the answer of the Title Insurance & Trust Company, Trustee, was sustained, and proof was taken on the issues raised by the denial contained in paragraph 1 of the answer. On final hearing it was again adjudged that the Louisville Presbyterian Theological Seminary and Isaac M. Harcourt were entitled to priority in the distribution of the proceeds of the mortgaged property, and in all voluntary payments made by the makers of the bonds, and the claim of the Peoples Bank of Mount Washington was dismissed. The Title Insurance & Trust Company, Trustee, appeals.

Our conclusions on the questions involved may be summarized as follows:

1. The chancellor did not err in holding that the Louisville Presbyterian Theological Seminary did not forfeit its right to recover by becoming a party to, or accepting benefits under, the plan by which the Louisville Title Company was reorganized.

2. Section 734, Kentucky Statutes, provides that every such corporation (real estate title insurance company) shall set apart at least two-fifths, but in no case less than two-thirds of the minimum stock required by the act, of the amount of its paid-up capital stock as a guaranty fund, and provides that the funds shall be invested only in the bonds of the United States of America and bonds and mortgages, lien notes, or deeds of trust on unencumbered real estate within the state of Kentucky, or any other state of the United States, worth at least 33 1/3 per cent. more than the sum loaned thereon. The act further provides:

"No such corporation shall issue any insurance until such sum has been set apart and invested. Such guaranty fund shall be kept and applied only for the security and payment of losses and expenses

which may be incurred by reason of the guaranties or insurance made as aforesaid, and shall not be subject to other liabilities of the corporation to the extent of and so long as any such insurance is outstanding.''

If the answer of the Title Insurance & Trust Company had pleaded that the twelve Weigel bonds represented a part of the original investment of the company's capital stock, as required by the statute, or represented substituted bonds that had been placed in the guaranty fund to take the place of other bonds in which the capital stock had been invested we would doubtless have a situation where the twelve Weigel bonds in the guaranty fund would be on a parity with the bonds owned by appellees. The answer contains no such allegation, and in the circumstances it cannot be said that the Weigel bonds were a part of the guaranty fund within the meaning of the statute. That being true, the question of parity turns on whether or not there was a common-law pledge. We think not. The bonds, though placed in the ''guaranty fund,'' and kept separately, were not delivered to the Insurance Commissioner, or any one else. On the contrary, they remained in the custody and control of the company, and in the circumstances there was no pledge such as would be binding upon the purchasers of other bonds of the same issue. People's Bank of Harrisville v. Continental Supply Company, 213 Ky. 44, 280 S. W. 458.

3. The plea of res judicata is in the following language:

''For further answer, this defendant says that the matter in issue in this suit was decided and settled by judgment of the Chancellor of the Jefferson Circuit Court, Chancery Branch, Second Division, in consolidated action therein pending under the style of Fidelity and Columbia Trust Company, Receiver of Louisville Title Company, v. Crab Orchard Banking Company et al., Nos. 209047, 227532, and 227721, which judgment was subsequently affirmed by the Court of Appeals of Kentucky; that plaintiff and defendants were parties to said action by representation, and the Jefferson Circuit Court had jurisdiction of the parties and the subject matter; that said Jefferson Circuit Court in said cases adjudged, and this judgment was affirmed by the Court of Ap-

peals, that notes, bonds or coupons set apart by the Louisville Title Company in a guaranty fund required to be maintained by it as a real estate title insurance company, under section 734, Carroll's Kentucky Statutes, 1930 Edition, are included in and must be treated as "pledged" bonds, and further adjudged that notes, bonds and coupons pledged as collateral security shall be on the same footing as outright owners or holders of mortgage or lien notes or bonds, so long as such pledgee has not collected in full the indebtedness secured by the notes or bonds held by such pledgee, and this defendant says that plaintiff is concluded by said judgment, and such judgment constitutes a bar to this action.''

Under our rule res judicata to be available must be pleaded. Norton v. Norton, 25 S. W. 750, 15 Ky. Law Rep. 872; Louisville & Nashville Railroad Company v. City of Louisville, 141 Ky. 131, 132 S. W. 184. Especially is this true as to one who is not a party, or in privity with a party, to the action. Morrison v. Price, 130 Ky. 139, 112 S. W. 1090. No facts are pleaded showing that any one was a party to the action who had purchased part of an issue of bonds and was similarly situated to either the seminary or to Isaac C. Harcourt, or that there was an order of court permitting such party to sue or defend on behalf of all others similarly situated. All that we have is "that plaintiff and defendants were parties to said action by representation." Clearly this is a mere legal conclusion, and therefore not sufficient. Furthermore, the judgment pleaded is merely to the effect that "notes, bonds or coupons set apart by the Louisville Title Company in a guaranty fund required to be maintained by it as a real estate title insurance company under section 734, Kentucky Statutes, are included in and must be treated as 'pledged bonds,' '' but there is no allegation that any portion of the capital stock of the Louisville Title Company was ever invested in the Weigel bonds, or that the Weigel bonds were ever substituted for prior bonds in which any portion of the capital stock of the company had been invested. It is apparent, therefore, that no facts are pleaded bringing the case within the judgment relied on. It follows that the demurrer was properly sustained to the plea of res judicata.

Judgment affirmed.