## GARRISON v. GARRISON.

Court of Appeals of Kentucky.
Oct. 31, 1952.

Gardner Reed, Newport, Ray H. Garrison, Chicago, Ill., Emmett Mittlebeeler, Louisville, for appellant.

N. F. Harper, Scottsville, for appellee.

COMBS, Justice.

The parties to this action formerly were husband and wife. It is admitted by both that they are now divorced. Lena claims a divorce by virtue of the judgment in this case. Lester claims he had previously obtained a valid divorce from Lena in Indiana. No children were born to the parties, and no other rights incident to the marriage are in issue. The only question is whether we should set aside the decree granted to Lena. Inasmuch as Lester claims to have a valid decree from the Indiana Court, it would seem that from a practical standpoint our decision could have no more than academic interest even to the parties. The domestic discord which caused the separation apparently has been carried over into the divorce proceedings, and the controversy has resolved itself into a contest to determine who will have the last word as to the manner in which the tie is severed. Lester's persistance is exemplified by the fact that on his motion an oral argument was granted and the case has been argued orally before this Court.

The proceedings in the lower court read like a Gertrude Stein novel. We will attempt to summarize them:

Lena's verified petition for a divorce (Case No. 6033) was filed on December 1, 1950, and a warning order attorney was appointed for Lester. On January 29, 1951, notice was served on the warning order attorney that Lena would take depositions in her behalf on February 3, 1951, and that she would, on February 5, file motion with the court for final submission of the case.

On the same day (January 29) Gardner Reed, an attorney who had been retained in the meantime by Lester, filed written motion to strike certain language from Lena's petition.

On February 5, which was rule day for the Allen Circuit Court, Reed filed motion asking for a continuance on the hearing of his motion to strike. The motion for a continuance and the motion to strike were overruled. Also on February 5, the previously appointed warning order attorney filed his report. On the same day the court entered judgment granting Lena an absolute divorce and restoring to her her former name. The judgment also ordered that the case be taken from the docket.

On February 27, 1951, Reed filed for Lester a motion to "dismiss plaintiff's petition on the grounds that defendant has obtained a divorce from the plaintiff in another jurisdiction." (There was no petition before the court at that time, the judgment granting Lena a divorce having taken the case off the docket as above noted.)

On March 31, while the motion to dismiss Lena's nonexistent petition was still pending, Lester filed an independent action (Case No. 6064) in which he, alleged that he had obtained a divorce from her in the Superior Court of Marion County, Indiana, City of Indianapolis, on September 28, 1950. A certified copy of the purported decree was filed with the petition. It was also alleged that notwithstanding Lena's knowledge of the Indiana divorce she had filed a suit for divorce in the Allen Circuit Court and had obtained the decree of divorce heretofore referred to. It was also alleged that in her petition and deposition Lena had made derogatory statements about Lester which were false, and that such statements were highly prejudicial to him among his friends and relatives in Allen County, Kentucky. It might be added parenthetically that the statements of which Lester complains are these: "He cursed and abused her and would throw mad fits and made her life so miserable that she could not longer live with him."

On April 26, 1951, Lena filed special and general demurrers to Lester's petition to set aside the divorce granted to her. The court sustained both demurrers and dismissed the petition. This order does not grant an appeal and no motion for an appeal from it has been filed in this Court.

On May 21, Lester filed a motion to vacate the judgment dismissing his petition to set aside Lena's divorce. On June 1, he filed another motion in which he requested the court "to dispose of his pending motion which was filed on or about March 1, 1951." The motion referred to apparently is the one filed on February 27. Also on June 1, Lester filed another motion requesting the court to set aside the judgment of divorce because of inadequate notice of the taking of depositions and because the parties had previously been divorced in Indiana. In support of this motion he filed his affidavit that he had seasonably notified Lena by registered mail that he was obtaining a divorce from her in Indiana, and that the returned registry receipt disclosed the letter was delivered to Norma Gorman, a daughter of Lena who was living with her at that time.

On June 13, 1951, the trial court entered an order overruling Lester's motion to vacate the judgment and granted him an appeal. It appears from the statement of appeal, however, that the appeal now pending is from Judge Rodes' judgment sustaining demurrers to the petition to set aside the judgment of divorce.

Although there is a technical question whether the appeal is properly before us, there is no motion to dismiss it and we have decided to waive the question. Since the appeal is from the order sustaining demurrers to the petition, the only question is whether it states a cause of action.

The copy of the Indiana divorce filed with the petition shows that it was obtained on service by publication, and there is nothing to show that Lena had actual notice of the action. So the allegations of fraud are not sufficient. That leaves for consideration only the matter of the Indiana divorce.

628

It must be remembered that although Lester was represented by counsel in the Allen Circuit Court, no mention was made of the Indiana divorce until after Judge Rodes had granted a divorce to Lena. The general rule is that res adjudicata is an affirmative defense which must be pleaded and, if not pleaded, will be considered as waived. 50 C.J.S., Judgments § 822, page 391, 120 A.L.R. 55; Title Ins. & Trust Co. v. Louisville Presbyterian Theological Seminary, 270 Ky. 442, 109 S.W.2d 814. The reason, of course, is that a party may not remain silent when it is his duty to speak, and thus permit a court to relitigate a question already settled. Any other rule would permit a party to benefit by his own wrong or negligence, as the case may be, and this the law forbids.

We have found no Kentucky case directly in point, but in the case of Potvin v. Potvin, 177 Minn. 53, 224 N.W. 461, it was held that after judgment of divorce to the plaintiff the plea of the defendant that he had previously been granted a divorce in another court came too late, no reason being shown why the plea wasn't made before judgment.

We have not overlooked those cases of which Hughes v. Hughes, 211 Ky. 799, 278 S.W. 121, is typical, which hold that a divorce action is a quasi in rem proceeding and that once the marriage has been dissolved a court in a subsequent action has no res on which to act. We are merely holding that the husband in this case, by his failure to inform the court in a proper manner of the Indiana divorce, is now estopped to question the validity of the wife's divorce.

It might be well also to call attention to the case of Summers v. Summers, 146 Ky. 653, 143 S.W.27, where it was said:

"* * * But, in the absence of satisfactory evidence, in the form of affidavit or otherwise, that the condition of the parties has not changed since the judgment of divorce was entered, the court should not, even during the term, set aside a judgment granting an absolute divorce."

There is nothing in the record to show that the status of the parties has remained unchanged since the divorce was granted in this case.

A number of other charges of irregularity in the proceedings are made in appellant's brief, but none of them are pleaded or substantiated by the record. It is elementary, of course, that this Court may not go beyond the record.

The judgment is affirmed.