## HODGE v. BARNARD.

## BARNARD v. HODGE.

Court of Appeals of Kentucky.

Dec. 4, 1953.

Zeb Steward, Frankfort, H. E. Hay, Frankfort, for appellant Hodge.

Stoll, Keenon & Park, Lexington, J. J. Tye, Barbourville, for appellee Barnard.

Stoll, Keenon & Park, Lexington, James F. Clay, Danville, C. W. Swinford, Lexington, for appellant Barnard.

Pierce Lively, Danville, Woodward, Hobson & Fulton, Louisville, for appellee Hodge.

SIMS, Chief Justice.

These cases were filed in the Knox and Boyle Circuit Courts respectively, and the appeals have been consolidated. For the purpose of clarity the action in the Knox Circuit Court will be referred to as action No. 1, while the suit in the Boyle Circuit Court will be denominated action No. 2.

A collision occurred in Boyle County between a truck owned and driven by Hodge and a truck owned by Barnard and driven by his employee. After the collision Hodge filed action No. 1 in May of 1951, to recover property damages in the sum of $3,400 from Barnard. The answer of Barnard was a general denial, followed by a plea of contributory negligence but contained no counterclaim.

Subsequently, in June 1951, Barnard filed action No. 2 against Hodge in the Boyle Circuit Court, seeking to recover

$2,750 damages to his truck. The answer of Hodge was a general denial, followed by a plea of contributory negligence but contained no counterclaim. Action No. 2 was tried first.

The evidence was in direct conflict as to which of the vehicles was on its wrong side of the road. The court gave an instruction which in substance told the jury that although they might believe Hodge was negligent, yet if they believed that the driver of Barnard's truck was also negligent, they should find for defendant, Hodge. The jury returned a verdict for Hodge under this contributory negligence instruction and judgment was rendered for Hodge on September 18, 1951, from which Barnard appealed.

On October 1, 1951, Barnard filed an amended answer in action No. 1 setting out the verdict of the jury in action No. 2. Hodge's general demurrer to the amended answer was sustained, to which Barnard excepted. On November 21, 1951, action No. 1 came on for trial before a jury in the Knox Circuit Court. Hodge contended that the judgment in the Boyle Circuit Court in his favor was conclusive and binding against Barnard on the issue of negligence, and that the only issue to be tried in the Knox Circuit Court was the amount of damages sustained by Hodge to his truck and cargo. The trial judge refused to recognize the judgment of the Boyle Circuit Court as conclusive of Barnard's negligence and refused to admit in evidence a certified copy of the Boyle judgment. Hodge then offered evidence as to his damage, but the trial judge held that he had not proved Barnard's negligence and directed a verdict for Barnard. Hodge appealed from this judgment of the Knox Circuit Court.

In seeking a reversal of the Boyle judgment, Barnard contends the court erred: (1) in refusing to direct a verdict for him at the conclusion of all the testimony; (2) in instructing the jury.

■ Barnard insists he was entitled to a directed verdict on the theory that it was conclusively proven Hodge's negligence was the sole cause of the accident. As stated above, there was a conflict in the evidence as to which vehicle was on its wrong side of the road, hence it was incumbent on the court to submit the case to the jury on the question of negligence and also on contributory negligence. Thomas Jefferson Fire Ins. Co., of Louisville v. Barker, Ky., 251 S.W.2d 862.

■ The court did not err in refusing Barnard's offered instruction setting out the duties of the respective drivers, since instructions 1 and 2 given by the court included these duties. Nor did the court err in refusing Barnard's tendered instruction on contributory negligence as the court covered this question in instruction 3, which was in better form than the one offered by Barnard.

■ In action No. 1 Hodge asserts the trial court erred in directing a verdict for defendant, Barnard. On this trial no evidence as to the negligence of the driver of Barnard's truck was offered, but Hodge only proved his damages. It is contended by Hodge that the negligence of Barnard's driver was determined in action No. 2, therefore he did not again have to prove it. Hodge attempted to offer the Boyle County judgment in evidence, but the trial judge correctly sustained an objection thereto because Hodge's petition did not contain an allegation of res judicata, which can only be presented to the court by pleading it. Louisville & N. R. Co. v. City of Louisville, 141 Ky. 131, 132 S.W. 184; Title Ins. & Trust Co. v. Louisville Presbyterian Theological Seminary, 270 Ky. 442, 109 S.W.2d 814. Even had the Boyle judgment been competent, failure to admit it did not prejudice Hodge's rights for the reason that the judgment was based upon a verdict which not only found Barnard negligent, but also found that Hodge's negligence contributed to the collision. Hence, it was not error to sustain Barnard's motion for a directed verdict.

The judgment in each case is affirmed.