**Hazel JONES, Appellant,**

v.

**SUN OIL COMPANY, a New Jersey Corp.,
et al., Appellees.**

Court of Appeals of Kentucky.

March 29, 1957.

Robt. E. Humphreys, Jr., John W. Beard and Humphreys, Jones, Beard & Connor, Owensboro, for appellant.

Leo King of King & Craig, Henderson, J. H. Thomas, Calhoun, for appellees.

STANLEY, Commissioner.

The judgment is one which essentially denies the plaintiff, now appellant, Hazel Jones, relief from a prior adjudication of the character of her title to a small tract of land. She has contended that the prior judgment is void, hence, that the rule of res judicata has no application. The basis of the alleged invalidity is that an attorney who had appeared in the case as her lawyer was not authorized to do so and that he had in fact represented antagonistic interests and parties.

The appellant and her sister, Mrs. Claire Dodson, were devised a certain 38 acres by their mother subject to stated limitations or qualifications. When the will was probated in July, 1910, both devisees were infants. There was a proceeding for partition of the land in the county court in the year 1924, and a deed of partition was executed by a commissioner of the county court to the appellant which on its face conveyed her a fee simple title in her portion of the tract. In 1949 the appellant and her husband executed an oil and gas lease of the tract to the Sun Oil Company. Before the expiration of the primary term of the lease (under which there had been no development) Mr. R. T. Sweeney, an attorney for the Sun Oil Company, advised his client that Mrs. Jones did not have a fee simple title to the tract but only a defeasible fee. Thereupon, he set about to straighten out the situation. On January 16, 1951, he filed a suit in the names of Claire Dodson, Hazel Jones, their respective husbands, and other parties, as plaintiffs against Ollie B. Leachman, an infant son of Mrs. Dodson, the Sun Oil Company, and others regarded as having contingent future interests in the property or a lien thereon, as parties defendant. The petition set up title to the land now in controversy, as well as that part of the original tract which had been allotted to Mrs. Dodson in the partition proceeding, and inter alia stated that Mrs. Jones' title was a fee subject to being defeated in the event that either she or her sister, Mrs. Dodson, or both, should die

without issue. He alleged that under the state of facts the court should appoint a trustee for the purpose of executing oil and gas leases covering both tracts to the highest and best bidder and asked the appointment of such a trustee and sale of a lease. The judgment declared that it would be to the material advantage of the ultimate owners of the oil and gas underlying the land to have it leased at that time and appointed D. C. Ross as trustee. Pursuant to the judgment, a lease was sold and executed to the Sun Oil Company. It was approved by the court on December 16, 1953. The proceeding is in accordance with KRS 353.-300 et seq. The court later approved a communization agreement combining for the purposes of the lease two smaller tracts of land so as to embrace a unit of a total of 34 acres more or less. Under this agreement the owners of the royalty under the separate leases communized would be paid in the proportion that the acreage owned by each of them bears to the entire acreage and included in the area any well drilled in it.

In the spring of 1954 the Sun Oil Company and its assigns drilled a producing oil and gas well on the property of the appellant, Hazel Jones, under the leases executed by the trustee.

The present suit was promptly filed by the appellant, Hazel Jones, to have the court adjudge that she owns the tract of land in fee simple; that the lease of the land and communizing agreement are void and the lessees are liable as trespassers. It is apparent that in order to succeed it was necessary to have the prior judgment in the case of Dodson v. Leachman vacated as void. If that should be done, then there would be before the court in the present case the construction of the devise of their mother to Hazel Jones and Claire Dodson in respect to the character of their title. But we do not get to that issue under our conclusion that the appellant failed to sustain her claim that the prior judgment is void.

At the time the case was instituted, Mrs. Dodson was living in McLean County, Kentucky, and her sister, Mrs. Jones, was living in Colorado. Mr. Sweeney had several conferences with Mrs. Dodson and understood from her that he had Mrs. Jones' authority to represent her also in the case, and upon what seems to us to be a reasonable and proper construction of their mother's will, the attorney proceeded with the suit and prosecuted it to its conclusion. Mrs. Jones testified that she did not authorize the suit or Mr. Sweeney to represent her. She had learned there was some litigation over the land and the lease but did not know its object. There are some corroborating circumstances, such as a letter written D. C. Ross, trustee, on May 19, 1952, but there is substantial evidence to the contrary. We need not recite this evidence, for the court found as a fact that the attorney "did have the authority from Hazel Jones to use her name as plaintiff in the aforementioned action in the McLean Circuit Court and that she had full knowledge of the nature, pendency and conclusion in the action." We follow that finding of fact. CR 52.01.

The premise of the contention of invalidity disappearing, the conclusion inevitably follows that the judgment was not void; so we do not reach the arguments of law that a judgment is void where an attorney represents antagonistic parties in a suit because such practice is against public policy. We may obesrve that it appears the interests of Mrs. Jones and the Sun Oil Company and its assigns were not antagonistic. The company already had a lease from Mrs. Jones. The question became one as to the disposition of the royalties.

Another contention of the appellant is that the prior judgment in Dodson v. Leachman is void because it had been previously adjudged by the McLean County Court, as evidenced by the commissioner's deed of partition, that the appellant had a fee simple title to the property. Aside from the general rule that res judicata to effect

an estoppel must be ·pleaded, Garrison v. Garrison, Ky., 253 S.W.2d 626, and it was not done in the Leachman case, this record contains nothing of the county court record. In any event, the county court would not have jurisdiction to construe the will and adjudge the character of title which it passed.

The judgment is affirmed.

We are impelled to condemn the record brought to this court. Two of the three volumes are upon tissue paper with a dim type and the index to the record does not comply with the Rules of the Court. Rules 1.100, 1.110.