**Claire DODSON et al., Appellants,**

v.

**Ollie B. LEACHMAN, a Widow, et al.,
Appellees.**

Court of Appeals of Kentucky.

March 29, 1957.

Robt. E. Humphreys, Jr., and John W. Beard of Humphreys, Jones, Beard & Connor, Owensboro, for appellants.

Leo King, of King & Craig, Henderson, J. H. Thomas, Calhoun, Robt. T. Sweeney, of Thacker, Sweeney & Lovett, Owensboro, for appellees.

STANLEY, Commissioner.

This case is the companion of Jones v. Sun Oil Company, Ky., 300 S.W.2d 584. As stated in that opinion, a suit was filed in January, 1951, on behalf of Claire Dodson, Hazel Jones and others pursuant to the provisions of KRS 353.300 et seq., for the purpose of having declared a trust in the minerals underlying certain land in order that it could be leased for oil and gas development. It was alleged in that suit that Mrs. Jones' interest in the property was that of a defeasible fee; indeed, it was that title that required, or seemed to require, the

proceeding. Infant defendants who it was alleged had future contingent or ultimate interests in the land because of the defeasance were represented by a guardian ad litem who recommended that a trustee be appointed and the land leased as prayed in the petition. Judgment was rendered in accordance with the plea and the purpose of the suit on March 19, 1951.

On June 25, 1954, Mrs. Jones filed a motion in the case stating that she had not been before the court in the action and moved the court to drop her name as party-plaintiff; to strike her name and all mention thereof from the pleadings, orders and judgments entered therein; and to strike all mention of her property in all the pleadings, judgments and orders because she did not bring or authorize any other person to bring this action and had not sought any adjudication of her rights in the property described in the complaint. Because her name was used as a party-plaintiff without authority or right, she prayed the court to declare as void ab initio all the orders and judgments entered therein as the same may affect or apply to this her property. This motion was supported by the affidavits of Hazel Jones and Claire Dodson. The motion was overruled, and the appeal is prosecuted for a reversal of that final order.

With the decision affirming the judgment in the suit later brought to accomplish the same end because of the finding that the attorney for the plaintiffs had been authorized to represent Mrs. Jones in the case, it necessarily follows that the order in the present appeal is proper.

We may add for the comfort of the appellant (if any comfort there is) and the embarrassed attorney in the original proceeding that we think the adjudication of the character of the title in the tract was the proper construction of the will of Mrs. Jones' mother.

The judgment is affirmed.