## Shaw v. City of Mayfield, et al.

(Decided September 30, 1924.)

### Appeal from Graves Circuit Court.

1.  Municipal Corporations—Constitutional Provisions Concerning Limit of Taxes and Indebtedness Held Not to Apply to Assessments for Public Improvement.—Constitution, sections 157, 158, relating to tax rate and limit of indebtedness in municipal corporations, have no application to assessments for public improvements, have no application to assessments for public improvements, such as sewers.

2.  Municipal Corporations—Constitutional Provisions as to Apportionment and Uniformity of Taxes Did Not Apply to Assessments for Improvements.—Constitution, sections 171, 172, relating to apportionment and uniformity of taxes, have no application to assessments for public improvements conferring local benefits, such as sewers, and hence do not render Act 1924, c. 98, invalid.

3.  Contitutional Law—Municipal Corporations—Statute and Ordinance Held Not Unconstitutional as Permitting Assessment for Sewers Without Hearing.—Acts 1924, c. 98, and ordinance in pursuance thereof, for construction of sewers, are not unconstitutional as vesting power in city council to fix and determine assessment therefor without property owner having opportunity to be heard and divesting courts of all power to review, in view of Ky. Stats., section 3574.

4.  Constitutional Law—Due Process of Law Satisfied, if Property Owner Given Opportunity to be Heard Some Time During Assessment Proceedings.—If property owner is given opportunity to be heard at some time during assessment proceedings before liability of his property for public improvements is fixed, due process of law is satisfied.

5.  Constitutional Law—One Hearing Sufficient to Constitute Due Process.—One hearing is sufficient to constitute due process of law, and state may select tribunal before which this hearing is to be had.

6.  Municipal Corporations—Expenses for Fees and Advertisements Properly Included in Cost of Sewers.—Expenses for engineers' fees, legal service, and advertisements are properly included in cost of construction of sewers under Acts 1924, c. 98, and are to be borne by property benefited.

F. B. MARTIN for appellant.

W. J. WEBB and SETH T. BOAZ for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Appellant, who is a citizen and taxpayer of the city of Mayfield, brought this action to enjoin the city from proceeding further under an ordinance adopted by the board of council, providing for the construction of a system of sewers in the city of Mayfield and from further proceeding to consummate a contract that had been let for the construction of the work. The circuit court dismissed the petition. The plaintiff appeals.

The proceedings in question were under an ordinance of the city pursuant to the act approved March 10, 1924, Session Acts 1924, p. 266. The act, among other things, provided that the city might construct a system of sewers in the city and assess the entire cost upon the property owners. The act provides:

> "The cost of the construction of sewers, not exceeding said sum of $1.00 per front foot of the abutting property, shall be apportioned equally on the said abutting lot owners according to the front or abutting feet. When the amount of the quotient, after dividing the entire cost of construction of the sewer as estimated and computed to the board of council by the engineer by the front or abutting feet, exceeds the sum of $1.00 per front or abutting foot, then and in that event the entire cost of construction of said sewer shall be assessed upon the lots and lands in the district of said sewer which may be benefited thereby according to the benefits received, and the said district shall be defined before the improvement is made, and in every such case the council shall, by ordinance, fix and determine the amount of tax to be levied on the several lots or lands so benefited."

Under this provision the council passed an ordinance making the entire city the sewer district and it adopted a system of sewers for the district upon the report of the engineer and was about to let a contract for the construction of the sewers at a cost of $185,000.00. According to the report of the engineer there were 200,000 feet of abutting property, so that at a dollar a foot the whole cost of the construction could be paid by the abutting property.

Mayfield is a city of the fourth class and by section 157 of the Constitution the tax rate in such city is lim-

ited to seventy-five cents on the one hundred dollars. By section 158 of the Constitution such a city is not authorized to incur an indebtedness exceeding five per cent on the value of the taxable property therein. But these provisions of the Constitution have no application to assessments for public improvements, for these fall upon the property benefited. Gosnell v. Louisville, 104 Ky. 201; Vogt v. Oakdale, 166 Ky. 810. The statute is not invalid under sections 171-172 of the state Constitution, on the ground that the cost of construction is not apportioned upon a fair valuation of the property sought to be subjected and is not uniform upon all property subject to taxation within the territorial taxing limits. Those sections only apply to taxes. They have no application to assessments for public improvements which confer local benefits. Katterjohn v. King, 202 Ky. 69.

It is earnestly further insisted that the act and the ordinance are unconstitutional, because each vests power in the council to fix and determine the tax without the property owner having an opportunity to be heard thereon and divests the courts of all powers of review. The act provides:

"Upon the completion of the improvement under such ordinance, the engineer for the city shall make the estimate and apportionment of cost to each property owner therein and submit the same to the board of council of such city at a regular meeting and file it with the clerk thereof. The board of council shall then, by order, provide a time and place for a hearing to be had upon said estimate which shall be published at least once in a newspaper of said city ten days before the time so fixed by the council and the persons affected thereby shall lodge with the clerk of the city written protest of complaint, if any, relative to any other matter concerning said improvement or the proceedings affecting same, and the same shall be considered and disposed of by the board of council at the time and place designated in such notice before the estimate and apportionment aforesaid is approved. The board of council shall have power at such hearing to make such corrections or adjustments in the estimate or opportionment of cost or relative to any other matter concerning the improvement or proceedings affecting the same as may, in the judgment of such body, be just and equit-

able, and the same shall be entirely in their discretion, and their judgment thereon shall be conclusive and binding upon all parties, except in case of actual fraud upon the part of such board of council.''

The ordinance of the city provides:

''Sec. 111.   Upon the completion of said sewer and improvements, the engineer for the city of Mayfield shall make an estimate and apportionment of cost to each property owner therein and submit the same to the board of council of said city at a regular meeting and file it with the clerk thereof.   The board of council shall then, by order, provide a time and place for a hearing to be had upon said estimate which shall be published at least once in the Mayfield Messenger, a newspaper of said city, ten days before the time so fixed by the council, and any person affected thereby shall lodge with the clerk of the city written protest of complaint, if any, relative thereto or relative to any other matter concerning the said improvement or proceedings affecting the same, and the same shall be considered and disposed of by the board of council at the time and place designated in said notice before the estimate and apportionment aforesaid is approved, and the board of council shall, at such hearing, make such corrections or adjustments of the estimate or apportionment of cost or relative to any other matter concerning the improvement or said proceedings affecting the same that may, in the judgment of said body, be just and equitable within their discretion, and the findings of said council shall be conclusive and binding upon all parties.   When such estimate or apportionment is approved by the board of council, it shall, of that date, become a lien against the property which is assessed superior to all liens prior or subsequent except state, county and city general taxes, and of equal dignity with other improvement liens.''

If the property owner is given an opportunity to be heard at some time during the assessment proceedings before the liability of his property is fixed, the constitutional provision as to due process of law is satisfied. Ray v. Armstrong, 140 Ky. 816; Dillon on Municipal Corporations, section 1365. The hearing before the council as provided in the ordinance and in the statute must be a hear-

ing on the merits; such a hearing as constitutes a valid hearing at common law. It includes the right to be heard by word of mouth and also to introduce proof and to be heard by counsel. If such a hearing is not given before the council, the assessment made by it cannot be enforced. Londoner v. Denver, 210 U. S. 385. The act provides that the cost provided for may be collected and enforced as street improvement liens are collected and enforced (p. 267). By section 3574, Kentucky Statutes, it is provided as to street improvement liens that the board of council or the courts in which suits are pending shall make all corrections, rules and orders to do justice to all parties concerned. Under this provision the court will not enforce the assessment upon appellant's property, unless he has had a hearing before the council as provided in the statute. The decision of the council is by the statute made final, except in the case of actual fraud, but it must hear before it determines, and a decision without a real hearing will not conclude the property owner. It is well settled that one hearing is sufficient to constitute due process of law and that the state may select the tribunal before which this hearing is to be had. 26 R. C. L., p. 3481.

It is insisted that the expenses for engineers' fees or for legal services, advertisements, etc., are nor properly to be included in the cost of the construction of the sewers. But the sewers, under the statute and the ordinance, cannot be constructed without these expenses. These things are necessarily incidental to the work and are a part of the necessary cost in securing the improvement. To say that these things are not to be included in the cost of the construction is to say that part of the necessary cost is to be borne by the city and not by the property benefited. This was clearly not the meaning of the statute. The plain purpose was to make these improvements at the cost of the property benefited. If in the apportionment of the cost any items are included which are unnecessary and should not be included, this is a matter which may be presented to the council by complaint and as to which the rights of the property owner may be protected by the court when the assessment is enforced. The council has only authority to include in the assessment such costs as are fairly incidental and reasonably necessary to the work.

No injustice has as yet been done appellant. If after the work is constructed any ground of complaint exists

it may be presented to the council and the court will make proper orders to do justice, as above indicated, before enforcing the assessment.

Judgment affirmed.