# City of Somerset et al. v. Newton.
(Decided May 7, 1935.)

H. H. DENTON for appellants.

R. C. TARTAR for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

On April 23, 1934, the city council of Somerset adopted an ordinance to license and regulate the sale, etc., of spirituous, vinous, and intoxicating liquors for medicinal, sacramental, scientific, and mechanical purposes within the limits of the city. The ordinance embodies literally or in substance many of the provisions, conditions, and restrictions set out in the Alcoholic Liquor Control Act enacted by the General Assembly of Kentucky at its 1934 session (chapter 146, Acts 1934, Kentucky Statutes, 1934 Supplement, sec. 2554b-1 et seq.). However, in addition to the provisions of the act incorporated into the ordinance, the council, under the authority granted by section 1 (b), article 4 of the act (Kentucky Statutes, sec. 2554b-7), attempted by way of regulation to set up further and more stringent standards than are provided in the act.

Subsection g of section 7 of the ordinance relating to restrictions provides:

"No license shall be granted for the operation on any premises, or to any person firm or corporation, upon, or against, which,. taxes or assessments or other financial claims of the city are delinquent or unpaid."

After the ordinance became effective, Abe Newton applied for a permit to dispense and retail intoxicating liquor in a room of the Newtonia Hotel, owned by his father. His application was accompanied by the bond required by the ordinance and he tendered and offered to pay the $300 license fee for the permit as required by the ordinance. The permit was refused on the ground that the applicant was delinquent and had not paid poll or personal property taxes for city purposes which had been assessed and levied against him for the years 1929 to 1933, inclusive, and on the further ground that ad valorem taxes for city purposes for the years 1931-1932 assessed against the property where the liquor was to be dispensed were delinquent and unpaid.

Upon the refusal of the city to grant the permit, the applicant instituted this action in the Pulaski circuit court against the city of Somerset and the mayor and individual members of the city council, seeking to enjoin and restrain them from attempting to put into operation and effect or to enforce subsection g of section 7 of the ordinance, and prayed that same be held unconstitutional and void, and further, that the council and the mayor be required to assemble and repeal, cancel, and rescind same and to accept plaintiff's application for a license to sell, by retail, intoxicating liquors, as provided for in the ordinance.

As a defense, the city set up the quoted provisions of the ordinance and alleged that the applicant and the owner of the property in which the liquor was to be dispensed were delinquent in payment of taxes as above indicated, setting out the amount of taxes due and unpaid for the various years. It was stipulated and agreed by the parties that all question as to technicalities and pleadings be waived and the case decided solely upon the validity of subsection g of section 7 of the ordinance, its constitutionality and the right of defendants to refuse plaintiff a license or permit pursuant to the provisions thereof. It was further stipulated that the ordinance was legally passed and that the taxes, financial claims, and indebtedness delinquent and un-

paid to the city by the applicant and against the premises as set forth in the answer are not denied. Other portions of the stipulation are not material.

On final hearing the quoted provision of the ordinance was adjudged to be "unconstitutional, ultra vires, void and invalid and entirely and completely without force and effect." It was further adjudged that the temporary restraining order restraining defendants from enforcing that portion of the ordinance be made permanent and that defendants' motion to dissolve the temporary restraining order be overruled. It was further adjudged that the mayor and the members of the city council be mandatorily required to assemble and approve the application of the plantiff and to issue him a license or permit upon payment of the license fee, and defendants are appealing. The parties agree, as indicated by the stipulation, that the only question involved is the validity or constitutionality of the quoted provision of the ordinance. .

It is contended on behalf of the applicants that, under the authority granted by the Liquor Control Act, the city council had power to impose these additional conditions and restrictions upon the right of persons to be granted the privilege of dispensing liquors in the city, and that no constitutional right of appellee was violated by such provision. Counsel for appellee argue that the provision in controversy cannot be justified as a proper exercise of the police power of the city, and that its attempted enforcement is an unwarranted invasion of property rights; that it is an attempt upon the part of the city by penal ordinance to enforce the payment of taxes and debts due the city and is therefore violative of the statutes and Constitution, and further, that appellants were limited in their authority by the requirement of the Liquor Control Act of 1934.

Section 1 (b), art. 4, c. 146, Acts 1934, Kentucky Statutes, sec. 2554b-7 provides:

"Nothing in this Act shall be construed to prevent municipal corporations through their legislative bodies from taxing the manufacture and sale of vinous, spirituous or intoxicating malt liquors by the permittees so authorized by the State Tax Commission or by way of regulation to set up more stringent standards than are provided by this Act or to prohibit the manufacture and sale under the pro-

visions of this Act, in whole or in part, by means of local option elections as authorized by Section 61 of the Constitution and by the provisions of the Act."

Under this section the city is not confined alone to the provisions or restrictions of the act in the granting of permits, but may set up additional and more stringent restrictions. In enacting the provision in question, the city council was attempting to exercise an authority conferred upon it by the General Assembly. A municipal corporation possesses no powers except those expressly granted or those essential to the accomplishment of declared objects and purposes of the corporation. Board of Education of City of Newport v. Scott, 189 Ky. 225, 224 S. W. 680; Barrow v. Bradley, 190 Ky. 480, 227 S. W. 1016. Courts have no control over a city council as long as it acts within the scope of its express or necessarily implied powers, as above indicated, but if the council enacts ordinances without authority or contrary to the controlling laws in such matters, or that are unreasonable, arbitrary, or oppressive, courts may declare such ordinances invalid. Kentucky Utilities Co. v. City of Paris, 256 Ky. 226, 75 S. W. (2d) 1082; Poggel v. Louisville Ry. Co., 225 Ky. 784, 10 S. W. (2d) 305. Courts are reluctant to and only in extreme cases will declare ordinances passed pursuant to legislative authority invalid on the ground that they are unreasonable, arbitrary, or oppressive. City of Versailles v. Kentucky Highland R. Co., 153 Ky. 83, 154 S. W. 388; Louisville & N. Ry. Co. v. City of Louisville, 141 Ky. 131, 132 S. W. 184. In the case of Mansbach Scrap Iron Co. v. City of Ashland et al., 235 Ky. 265, 30 S. W. (2d) 968, 971, it is said:

"In consideration of the license to carry on a business of potential danger to the public welfare, the applicant is required to yield to measures designed to protect the public interest."

The ordinance is not discriminatory as to appellee. It makes a reasonable classification and applies to a class in which he has apparently placed himself. Governments cannot be maintained without revenue, and good citizenship includes the duty of meeting one's just obligations to his government. Of course, we would not be understood to say that good citizenship is measured by ability to meet one's obligations, but inability is one

thing and unwillingness quite another. One who is financially able to pay $300 for a license is certainly able to pay to his city an annual poll and property tax of approximately $2. Whether a tenant might be held responsible under the ordinance for the dereliction of his landlord in meeting his obligations to the city we need not determine, since appellee himself had not met his own obligations. Our conclusion is that the restriction complained of is neither arbitrary, unreasonable, or oppressive, nor is it an attempt to enforce the payment of taxes by way of penal ordinance, but merely withholds this special privilege from those who have not met their just obligations to the city. It requires no argument to demonstrate that a question of public welfare is involved. No property right of appellee is involved or invaded. In Cassidy v. Drake, 154 Ky. 25, 156 S. W. 1032, 1034, it is said:

"A license to retail intoxicating liquor is not a contract; it vests no property rights in the licensee; and when the law or the ordinance under which it is issued provides that the license shall be forfeited or revoked for any violation of the law the licensee cannot complain that he is deprived of his property without due process of law."

Since the parties have agreed that the validity of the quoted provision of the ordinance is the only question presented for decision, no other question is determined.

For the reasons indicated, the judgment is reversed, with directions to enter judgment in conformity with this opinion.