**HENINGER, Appellant, v. AKRON (City), Appellee.**

Ohio Appeals, Ninth District, Summit County.

No. 4204.    Decided October 10, 1951.

418

W. J. Laub, John R. Quine, Clyde F. Berry, Akron, for appellant.

Roy E. Browne, Dir. of Law, John R. White, Asst. Dir. of Law, Akron, for appellee.

## OPINION

Per CURIAM:

A contract has been awarded by the City of Akron to the Michie City Publications Co., Inc., for the "codification, printing and review" of its ordinances. H. Clyde Heninger, in his capacity of taxpayer of the city, instituted the present action in the Court of Common Pleas of Summit County, in which he sought to enjoin the performance of the same. The appeal to this court, on questions of law, is from the judgment denying the relief sought.

1. It is claimed by the appellant that "council is wanting in power to authorize such contract," on the ground that the city charter directs the director of law to "codify the ordinances immediately upon the taking effect of this charter and at least once every five years thereafter"; and even though council by ordinance authorized the awarding of a contract for the work, it "may not set aside by ordinance what the electors of the city have established by charter, and it is powerless to relieve the director of law of a charter-imposed duty by providing a substitute to perform such duty."

We need not go far to find support for the proposition that the work of codifying and reviewing city ordinances, clarifying them into groups, deleting those which are obsolete and unnecessary in view of later legislation of the same subject, the preparation of footnotes, etc., requires the services of experts, who, because of their specialty, are capable of exer-

cising skill and aptitude. Nor is authority wanting to support the power of a municipal corporation, in the absence of a positive prohibition by law, to contract with experts, to assist a duly elected or appointed official of the city in the performance of a specialized service for the preservation of the city's interests.

As we view the wording of the charter provision directing the director of law to codify the ordinances, we construe it to mean that such work shall be performed by him or pursuant to his direction and control; and if the circumstances are such as make it advantageous to the interests of the city for the director to engage specialists under his direction to help him perform his duties, such engagement may be made within the language of the charter.

The evidence presented was sufficient for the trial court to find a full compliance with the foregoing summary of the law.

2. It is next claimed that the "specifications unlawfully restrict competitive bidding."

It is observed that the ordinance passed by council, which authorized the contract, specifically enjoined the purchasing agent to advertize for bids. While specialized services of the kind in question (exclusive of the printing and binding) ordinarily are not subject to the laws requiring competitive bidding (State, ex rel. Doria v. Ferguson, Aud., 145 Oh St 12; City of Cleveland v. Lausche, Mayor, 71 Oh Ap 273; Hordin v. City of Cleveland, 77 Oh Ap 491), nevertheless, council acted within its authority in making such requirement, and accordingly the provision must be observed. The record indicates the advertizing for bids.

It is asserted that the following restrictive provisions in the specifications for bidders are so unreasonable and unfair that they exclude competitive bidding. They are:

"9. The successful bidder must be able to prove that he or it is regularly engaged in the work of setting type and printing and binding legal publications similar to the one provided for in these specifications, and that he or it has successfully completed and delivered at least one similar legal publication of such nature."

"12. The bidder shall state and give full details as to his or its ability, experience and knowledge of codifying ordinances or statutes, and shall furnish a list of governmental units of 100,000 to 500,000 population for which such services have previously been rendered."

The purpose of specification "9" appears to be directed to the qualification of a bidder to manually and mechanically produce a book (not prepare its contents) of the kind con-

templated. In consideration of the charge that it is unreasonable and unfair, we determine that the city has the right to protect itself from the bids of inexperienced, irresponsible or incompetent persons; and that such a provision is not unfair or unreasonable and does not unduly restrict competition among qualified bidders.

The purpose of specification "12" appears to be directed to the ascertainment of the experience and ability of the bidder to perform the expert labor of codifying the ordinances

In this expert field, it would appear to be the part of wisdom to confine bidders to persons of capacity and experience, to insure the most skillful workmanship. The provision of the specifications under attack was designed to accomplish this purpose.

As we view the judgment from which the appeal was taken, in the light of the record before us, we cannot say that such judgment is manifestly against the weight of the evidence. nor is it contrary to law. It will be affirmed.

Judgment affirmed.

HUNSICKER, PJ, DOYLE, J, STEVENS, J, concur.