Richard M. CONRAD, Helen Richardson, Paula Jean Sympson Smith, Ralph J. Ransdell, Sr., Helen M. Pena, Clifford Schlausky, E.J. Wagner and Richard C. Cox, Appellants,

v.

LEXINGTON–FAYETTE URBAN COUNTY GOVERNMENT; Edgar Wallace, John Wiggington, Joe Jasper, Anne V. Gabbard, Mary C. McNeese, J.H. Combs, Eleanor H. Leonard, Fred Brown, William Rice, Lyman Ginger, Paul Rose, Carol Jackson, Donald Blevins, Ann Ross and James Todd, Members of the Lexington-Fayette Urban County Council; James G. Amato, Mayor of the Lexington-Fayette County Government; Lexington-Fayette County Health Department, Gordon R. Garner, Commissioner of Public Works of the Lexington-Fayette Urban County Government, Appellees.

Supreme Court of Kentucky.

Aug. 31, 1983.

Rehearing Denied Nov. 23, 1983.

the Lexington-Fayette Urban County Government may proceed with a sanitary sewer project because it complied with the provisions of the sanitary sewer act. Various property owners sought declaratory and injunctive relief challenging the proposed imposition of the special sewer assessment as unconstitutional.

The principal question presented is whether KRS 67A.871 is special legislation and therefore unconstitutional. Other issues raised are whether the government was required to strictly comply with the publication statutes, whether the council was required to set out adjudicative facts in support of the ordinance of initiation, whether the improvement benefit assessment formula was constitutional, and whether it was properly based on assessed value pursuant to statute, whether the government complied with the due process hearing requirements in connection with the public hearing, whether the government failed to comply with the actual notice requirements of the act in relation to the public hearing, whether the 30-day litigation period is unreasonable because it accrues before the actual cost of the project is known, whether the outside contracts entered into by the government with engineering and legal firms are void, whether the circuit court properly refused to allow this action to be maintained as a class action, and whether it was error to refuse to enjoin the project from proceeding.

This Court affirms the judgment of the circuit court because the statute is constitutional and the method of assessment valid.

William C. Jacobs, Wilson, Jacobs & Wilson, Lexington, for appellants.

Barbara B. Edelman, Rena G. Wiseman, Lexington-Fayette Urban Co. Govt., Department of Law, Lexington, for appellees.

Phillip D. Scott, Kathleen A. McDonough, Greenebaum, Doll & McDonald, Lexington, for Health Department.

**WINTERSHEIMER, Justice.**

This appeal is from a judgment entered September 3, 1982, which determined that

■ The General Assembly was within its constitutional authority to provide authorization for urban county governments to construct and maintain waste water collection projects. Such authority is merely a logical extension of the legitimate power of any municipal government.

The project in question is known as the "third-year sewer project" and encompasses eight neighborhoods in Lexington-Fayette County, involving 1,657 parcels of property. In the original complaint, the appellants

alleged 41 counts. On appeal, they present twelve arguments. A four-day trial was conducted beginning January 18, 1982, before the circuit judge without a jury. The evidence consisted principally of each property owner testifying and most of the city council members as well as various government engineers and employees, the Commissioner of Health and a real estate appraiser. The government presented proof in support of their decision to establish the sewer project, and the property owners testified that they did not want, nor believe that they really needed sewers. Judgment was entered on September 3, 1982, and the appeal of the property owners was transferred to this Court on March 30, 1983.

■ The Urban County Government statute, KRS 67A.871 through 67A.894, is not special legislation and does not violate Section 59 or Section 60 or Section 156 of the Kentucky Constitution. The classification of urban county government by the legislature has been found to be a reasonable classification. *Holsclaw v. Stephens,* Ky., 507 S.W.2d 462 (1974). The fact that there is presently only one urban county government does not mean that the law is unconstitutional. *City of Louisville v. Klusmeyer,* Ky., 324 S.W.2d 831 (1959). The Urban County Sewer Act is an appropriate classification and bears a reasonable relation to the purpose of the act. Such a government is authorized to plan, develop, initiate and finance waste water collection projects. KRS 67A.872. The testimony of a former mayor explains the purpose of the act and provides a basis for the finding by the circuit judge. Where a merged government is established, it is necessary to have an equitable means of extending sanitary sewers to older neighborhoods in former county areas. The act created a reasonable method of extending sewers and fairly assessing the costs of construction.

■ The appellants' argument that the act does not cover second-class cities with sewage problems is unconvincing. Those cities do not present the same situation as an urban county government because the areas of their jurisdiction do not encompass unsewered county territory. The act cannot be considered special legislation because the classification is not as broad as it could have been drawn. *Commonwealth, ex rel. Hancock v. Davis,* Ky., 521 S.W.2d 823 (1975).

*United Dry Forces v. Lewis,* Ky., 619 S.W.2d 489 (1981), is distinguishable because the court found that a statutory proceeding authorizing wet/dry elections did not refer to the stated purpose of the statute and therefore did not reasonably relate to its purpose. Here, the law did relate to the legislative purpose of the act. Even considering *United Dry Forces,* supra, the act is not special legislation.

■ Additionally, legislative action is generally presumed to be constitutional. *Holsclaw v. Stephens, supra. Folks v. Barren County,* Ky., 313 Ky. 515, 232 S.W.2d 1010 (1950). At trial, there was no evidence or substantial argument to overcome the presumption of constitutionality which must be accorded the act. Here there is a reasonable relation between the classification of urban county government and the purpose of the act. The circuit court is affirmed.

■ The failure of the government with regard to KRS 424.120(1)(b), is not reversible error. There was compliance with the law requiring publication. The circuit court determined that publication in the *Lexington Leader,* which is owned and published by the same corporation that owns and publishes the *Lexington Herald,* was sufficient. Actually the *Herald* has a larger circulation than the *Leader.* The Court determined that the project received widespread publicity. All communication to the government's clerk had indicated that the *Leader* had the largest circulation. Furthermore, individual notices were mailed to the property owners advising them of the public hearing. There was no showing of any prejudice as a result of the erroneous selection of a newspaper.

The government believed that the *Leader* was the newspaper with the largest bona fide circulation because the previous writ-

ten and oral communications from the publishing company had so indicated. In addition, the employee of the *Lexington-Herald Leader* company in charge of advising customers as to circulation figures for the purpose of running legal notices assumed the *Leader* to be the proper newspaper in which to publish legal notices. Prior to this lawsuit, all legal notices of the Board of Education, Lex Tran, Board of Health, airport board and the planning commission were published in the *Leader*. The *Leader* did have the highest circulation until after March 1977. It was not until September 1980, that the government was informed of the change in circulation leadership.

■ Substantial compliance in regard to publication requirements has been authorized in *Queenan v. City of Louisville*, 213 Ky., 816, 233 S.W.2d 1010 (1950). The purpose of the statute is to allow the public an ample opportunity to become sufficiently informed on the public question involved. Substantial compliance was also affirmed in *Lyon v. County of Warren*, Ky., 325 S.W.2d 302 (1959). There the court considered the widespread publicity relating to the bond issue and a large voter turnout. Here there was considerable publicity about the initiation of the sewer project by means of radio, television as well as newspaper coverage. Consequently, the purpose of the statutory requirements of notification by publication was achieved. The trial judge was correct in determining that substantial compliance had been achieved.

It should be noted that the appellants in raising the question of inadequate notification are the very persons who have initiated the lawsuit, indicating that they were not denied notification. The appellant's contention that failure to strictly comply with the requirements of publication is a jurisdictional defect which would render the ordinance invalid is not persuasive. The various authorities cited do not convince us that the true purpose of the statute was not achieved by substantial compliance. KRS 67A.880 provides that the date of publication of the ordinance of determination begins the 30-day litigation period. The ordi-

nance in question was adopted on May 29, 1980, and published on June 3, 1980. There is no indication that anyone was prejudiced by the substantial compliance with the publication requirements.

■ There was a proper finding by the council. A municipal legislative body which provides for the construction of public improvements is performing a legislative act. Here the council adopted a program for the construction of sewers that was generally applicable throughout four project areas. It acted in a law-making and policy-making role. It was not acting adjudicatively. The appellants cite no authority to support their proposition that a legislative decision to construct public improvements can be characterized as an adjudicative function.

■ The legislative action of any governing body is subject to very limited judicial review. The legislature is not governed by judicial standards in making findings of fact. *McKinstry v. Wells,* Ky.App., 548 S.W.2d 169 (1977). The legislature cannot be arbitrary or capricious. The construction of public improvements will not be disturbed unless there is an abuse of discretion or a showing of fraud or illegality. *City of Tompkinsville v. Miller,* 195 Ky. 143, 241 S.W. 809 (1922); *Thomas v. City of Berea,* Ky.App., 557 S.W.2d 214 (1977). Here the record amply demonstrates that the council made sufficient findings based on substantial information that the public health, safety and welfare required building the sanitary sewers. There is a well established rule of noninterference by the judiciary with the exercise of discretionary powers of municipal corporations. McQuillin, *Municipal Corporations* § 10.37 (3rd Ed. Rev.1979). "Courts are reluctant to and only in extreme cases will declare ordinances passed pursuant to legislative authority invalid on the ground that they are unreasonable, arbitrary or oppressive." *City of Somerset v. Newton,* 259 Ky. 195, 198, 82 S.W.2d 306 (1935).

■ The improvement benefit assessment formula was proper as used by the council. The appellants argue that neither

the statute nor the assessment formula is constitutional because neither accounts for actual value conferred on individual property. A careful examination of the record indicates that there was no showing that the determination by the council was improper. Pursuant to the statutes the council adopted an improvement benefit assessment formula based on findings of fact that the benefited properties received substantially similar benefits.

Again the appropriate standard of review for legislative action is limited to whether the act in question is reasonable or arbitrary. *Moore v. Ward*, Ky., 377 S.W.2d 881 (1964). Here there is a rational connection between the action and the purpose for which the government's power existed. The government's decision as to the benefits conferred upon the properties in the third-year project and the improvement benefit assessments to be levied is supported by the various investigations, studies and other related information. There is no evidence in the record which indicates the properties would not be enhanced as a result of the new sewers.

■ It is well settled that a special assessment for public sewer improvements is not a "tax" but is an assessment which is to be made in an amount with reference to the benefit which the property derives from the cost of the project. *Krumpelman v. Louisville & Jefferson County Sewer District*, Ky., 314 S.W.2d 557 (1958). KRS 67A.873 provides that waste water collection projects may be assessed according to the assessed value basis. There is no basis for contending that the legislative action by city government is arbitrary because there is a rational connection between that action and the purpose for which the government was created. *City of Louisville v. McDonald*, Ky., 470 S.W.2d 173 (1971).

■ A municipal legislative judgment in relation to a public improvement project will be overturned only where it is shown that the action is so arbitrary and unwarranted as to result in confiscation. *United States v. Carolene Products Co.*, 304 U.S. 144, 58 S.Ct. 778, 82 L.Ed. 1234 (1938).

■ The burden is on the person who challenges the action of the legislative body as being unreasonable and arbitrary to sustain that position where it does not appear on the face of the ordinance. *Louisville & Jefferson County Metropolitan Sewer District v. Joseph E. Seagram & Sons*, 307 Ky. 413, 211 S.W.2d 122 (1948). The record here does not indicate that the appellants have sustained their burden of proof. Balancing the arguments of the appellants and the appellees, it appears that the government made a significant effort to support its decision. The trial court was correct in its decision.

There was substantial evidence that the government's determination as to the appropriate assessment formula was proper under KRS 67A.875(5). The appellants provided no evidence that the formula was improper either under the statute or as applied to their properties. The trial court's finding was correct.

■ When the council determines that all benefited properties will be affected in substantially the same way, the council may classify the properties into assessment zones based on similarity of benefits. This section of the law was the foundation of the assessment procedure used by the council. There was testimony by various council members and the health commissioner that considerable study had gone into the adoption of the formula. The trial court found that the assessment procedure provided for twelve different zones and twelve different assessments. He also determined that there was sufficient data to determine that the benefited properties received substantially equal benefits and that no evidence of inequality was presented at trial as well as no evidence of fraud or illegality in the council's action.

■ Again judicial review of legislative action in arriving at improvement assessment formulas is very limited. The courts will interfere only where there is an abuse of discretion. *City of Tompkinsville v. Mil-*

*ler, supra.* We find no reason to disturb the findings of fact as made by the trial court.

■ The public hearing provided for affected property owners, protected their due process rights, and was constitutional. The assessment is not an unlawful taking of property in violation of the United States Constitution and the Kentucky Constitution. There is no requirement that the public hearing must be a "trial-type" hearing.

■ The fundamental requirement of due process is the opportunity to be heard at a meaningful time and manner. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). On March 31, 1980, a public hearing was held on this project at which several property owners spoke on the subject and on the matter of the estimated assessments. No exact figures as to the cost of the benefits were presented because final bidding had not been made. All benefited property owners were given an opportunity to speak at the public hearing as required by statute. The scheduling of the public hearing prior to the determination of exact cost to be assessed does not invalidate the meeting. If a property owner is given an opportunity to be heard at some time during the assessment proceedings before the liability of his property is fixed, due process is satisfied. *Shaw v. City of Mayfield,* 204 Ky. 618, 265 S.W. 13 (1924).

The failure of the protestants to persuade a majority of the council is not a violation of due process in and of itself. The ultimate council vote was 11–4 in favor of the third-year sewer project. Clearly they had the opportunity to present their views in a constitutional framework.

■ The contention that the improvement is a tax and therefore a trial-type hearing is necessary is without merit. The improvement benefit assessment is a special assessment as distinguished from a tax. *Krumpelman, supra.* The improvement benefits assessment is based on the relationship to benefits conferred. Here the legislative body acted to investigate legislative facts and no trial-type hearing was required. The municipal legislative body did not act in an adjudicatory manner. A general program applicable to properties throughout the project area was established. The property of the appellants was not treated individually based on facts peculiar to each situation. There is no indication that the action of the council was arbitrary or that there was an absence of a rational connection between the action and the purpose of the act. The landowners did have an opportunity at a public hearing to be heard. The council's actions were lawful.

Council complied with the notice requirements of the act in connection with the public hearing. The trial judge correctly found that the mailing of individual notices to the property owners based on the records of the property valuation administration office was the most practicable method under the circumstances to give reasonable actual notice. There is no showing that the appellants were prejudiced by the method of notice used. Accordingly, the publication requirements were satisfied.

■ The 30-day statute of limitations is constitutional and within the power of the General Assembly to enact. The statute provides that the landowner must file a civil action within 30 days of the publication of the ordinance of determination. Here the appellants' timely filed this lawsuit. The trial court was correct in holding that the 30-day litigation period is not an unreasonably short period of time and within the authority of the legislature to enact.

■ The so-called outside contracts entered into by the government with engineering and law firms were legal and validly executed. The appellants argue the statute mandates engineering contracts be entered into only after the ordinance is passed. There is no mandatory requirement in KRS 67A.875 that the engineering contracts be authorized after the ordinance is passed. Any language requiring the engineering work to be done after the passage of the ordinance is directory and not man-

datory. A statute is considered as directory if it relates to some immaterial matter or if it does not reach the substance of the thing, and if by the omission to observe it, the rights of those interested will not be prejudiced. *Fannin v. Davis,* Ky., 385 S.W.2d 321 (1964). The substance of the law is that in conjunction with initiating a waste-water collection project, the government is authorized to contract for preliminary plans, specifications and financial planning. An informed council decision to undertake this kind of project requires substantial preliminary information with regard to the area to be served and the related costs. The statute contains no mandatory language that consultants shall be retained only after the ordinance determining the need is passed. The evidence does not indicate any prejudice resulting from the timing of the execution of the engineering contracts. Neither the contracts, nor the appropriation of funds therefor, was unlawful. In addition, the statute specifically permits the use of firms of engineers without regard to whether the government has its own staff engineers. Such costs are specifically included in the project and passed on to the property owners. KRS 67A.871(5) and 67A.882(2).

█ In regard to the outside attorney fees, the urban county government has authority to retain outside counsel for independent projects. A similar charter provision was endorsed in *Purcell v. City of Lexington,* 186 Ky. 381, 216 S.W. 599 (1920). In the absence of a specific statutory prohibition, a municipal corporation is generally permitted to contract with outside counsel. 56 Am.Jur.2d *Municipal Corporations Etc.* § 219. *Heninger v. City of Akron,* Ohio App., 112 N.E.2d 77 (1951); *Moore v. City of Kokomo,* 223 Ind. 293, 60 N.E.2d 530 (1945). The Lexington-Fayette Urban County Government charter provides that private counsel may be retained. Section 3.02 permits the government to enter contracts with private persons with regard to the furnishing of services.

█ The circuit court correctly refused to allow this matter to be maintained as a class action. On October 14, 1980, an order was entered indicating that the government had requested a hearing on the class action aspects. Such a hearing was scheduled for November 14, 1980. The record does not indicate that evidence was introduced by the appellants to support their request. The trial court did not proceed as a class action but allowed the appellants to reapply for certification. This was not done.

█ The contention that the council did not study and evaluate the preliminary engineering and financing report is without merit. The evidence shows that the government did discuss and review the various reports at great length. There was no error of reversible consequence in the trial court's refusing to enjoin the project from proceeding.

It is the holding of this Court that the imposition of the special assessment for the sanitary sewer project is valid and constitutional.

The judgment of the circuit court is affirmed.

AKER, GANT, LEIBSON, STEPHENSON and WINTERSHEIMER, JJ., concur.

VANCE, J., dissents.

STEPHENS, C.J., not sitting.