797 F.2d 329
 Richard C. COX, Plaintiff-Appellant,
v.
Charles NORTON, Director of Division of Tax Collection of
the Lexington-Fayette Urban County Government and
Lexington-Fayette Urban County
Government, Defendants-Appellees.
 No. 85-5773.
 United States Court of Appeals,
Sixth Circuit.
 Argued June 5, 1986.
Decided July 31, 1986.
 
 William C. Jacobs, argued, Lexington, Ky., for plaintiff-appellant.
 Rena Gardner Wiseman, argued, Edward W. Gardner, Lexington, Ky., for defendants-appellees.
 Before MARTIN, KRUPANSKY and GUY, Circuit Judges.
 RALPH B. GUY, Jr., Circuit Judge.
 
 
 1
 Plaintiff Cox filed a 42 U.S.C. Sec. 1983 action against the defendants seeking to permanently enjoin the collection of a special assessment levied against property owned by him to pay for the cost of installing sanitary sewers. Cox claimed he had been denied due process by not being afforded a hearing in which he could challenge the amount of his special assessment. Defendants moved for summary judgment relying on the doctrine of res judicata and claiming that Cox had previously litigated this same issue and had received an adverse determination. The district court found that Cox's earlier state court action, which was appealed to the United States Supreme Court, did result in a determination which precluded Cox from further litigating the issue of the due process hearing. We reach the same conclusion and affirm.
 
 I.
 
 2
 Pursuant to a Kentucky statute, "voters in any county ... may merge all units of city and county government into an urban-county form of government." Ky.Rev.Stat. Sec. 67A.010. One of the primary purposes of such a merger is to prevent duplication of services and, accordingly, such units are empowered to undertake certain public works projects, including sanitary improvements. The defendant, Lexington-Fayette Urban County Government, was duly constituted as an urban-county unit and undertook a waste water collection project. This project was to be financed by a bond issue initially, and the bonds were to be paid off from proceeds received by specially assessing the properties determined to benefit from the installation of sanitary sewers. The State of Kentucky has enacted a detailed statutory procedure for the construction of such projects and the issuing of bonds in connection therewith. Ky.Rev.Stat. Secs. 67A.871-67A.894. Included within these procedures is the requirement that a hearing be held after notification to all benefited property owners.
 
 Notice of public hearing
 
 3
 The urban-county government shall cause notice of the public hearing ordered to be held by the ordinance of initiation to be afforded to all owners of property proposed to be benefited by the project and to be assessed for the costs thereof. The notice shall be published pursuant to KRS Chapter 424, and in addition, such reasonable actual notice as is best suited to advise affected benefited property owners shall be given to owners of the benefited property using such methods as shall be determined by ordinance of the urban-county government to be the most practicable in the circumstances. The notice shall advise owners of benefited property that a public hearing shall be held in respect of the project and its financing, and that assessments to pay the costs of the project are proposed to be levied against all benefited properties.
 
 
 4
 Ky.Rev.Stat.Ann. Sec. 67A.876.
 
 
 5
 Cox, as a benefited property owner within the proposed assessment district, received notice of a hearing which was held on March 31, 1980. The purpose of such a hearing is to afford an opportunity to the "owner of property proposed to be benefited by the proposed wastewater collection project [to] appear and be heard" either advocating or objecting to such proposed project. Ky.Rev.Stat.Ann. Sec. 67A.878. Cox, along with other property owners, appeared and objected. After such a hearing is held the urban-county council must meet and consider any objections raised at the hearing in deciding whether or not to go ahead with the project. Such a meeting was held and on May 29, 1980, the council passed an "ordinance of determination" after deciding to proceed with the project. Ky.Rev.Stat.Ann. Sec. 67A.879.
 
 
 6
 On June 3, 1980, Cox and others filed suit in the state court challenging the legality of the proposed project on state and federal grounds. The property owners lost this suit and appealed through the state court system to the Kentucky Supreme Court. On August 31, 1983, the Kentucky Supreme Court affirmed the trial court. Conrad v. Lexington-Fayette Urban County Government, 659 S.W.2d 190 (Ky.1983). Cox then further appealed to the United States Supreme Court which ultimately dismissed the case on April 2, 1984. Appeal dismissed mem., sub nom. Cox v. Lexington-Fayette Urban-County Government, 466 U.S. 919, 104 S.Ct. 1698, 80 L.Ed.2d 172 (1984). On December 11, 1984, Cox instituted the present action in district court subsequent to his first annual assessment installment of $317.42 becoming due. Although the original state court action (Conrad) challenged many procedural aspects of the sewer project, in the present action the only issue raised is the failure of the defendants to afford Cox a second hearing after the specific amount of his assessment became known.
 
 II.
 
 7
 The issue presented on appeal is a narrow one and no material facts are disputed. Furthermore, the parties do not disagree on the basic law of res judicata to be applied to this fact situation. It is conceded that a federal court must give a state court judgment the same preclusive effect as that judgment would be given under the law of the state in which the judgment was rendered. Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); Haring v. Prosise, 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983); and Migra v. Warren City School District Board of Education, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Cox concedes that he had a full and fair opportunity to object to the project both in the statutory hearing and the subsequent court action but never was afforded the opportunity to challenge the specific amount of his assessment since that specific amount was not known at the time of the hearing or when the state court action was pending. Cox thus argues that the prior court action could not have preclusive effect since the specific amount of his assessment was not involved. Cox does not contend that the statute requires more than one hearing but, rather, that case law superimposes upon the statute the requirement of a second hearing.[1] Cox does not contest that he could not prevail here if the state court litigation did in fact resolve the issue he now raises or if there is no requirement for a second hearing mandated by principles of due process. Since we conclude as did Judge Wilhoit that the issue now raised by Cox was fairly encompassed and resolved by the prior litigation, we are precluded from separate and independent consideration of the issue of just how many hearings due process requires under these circumstances.
 
 
 8
 Kentucky Revised Statutes Annotated Sec. 67A.875(6) provides that at the required public hearing:
 
 
 9
 [A]ny owner of benefited property may appear and be heard as to whether the proposed project should be undertaken, whether the nature and scope of the project should be altered, and whether the project shall be financed through the assessment of benefited properties and issuance of bonds in respect of assessments not paid on a lump sum basis, all as proposed by the ordinance of initiation and as authorized by KRS 67A.871 to 67A.894.
 
 
 10
 At the hearing which was held, although the precise dollar amount of each property owner's assessment was not then known, there were estimates available. Cox has not argued that these estimates were unreliable. Additionally, in the prior civil action one of the grounds for attacking the Kentucky statute was the fact that hearings were held before costs were finally determined and before precise assessment amounts could be known. Cox attempts to argue around those facts, however, by claiming that although the courts have already ruled that the hearing that was held passed due process muster, this does not mean there is still not a second hearing required. This argument misperceives the totality of the Kentucky regulatory scheme as it relates to this type of public works project where a bond issue is contemplated.
 
 
 11
 Under the Kentucky statute there is a 30-day period allowed to institute litigation after the "ordinance of determination" is adopted by the council. The primary purpose of such a short statute of limitations is to be able to determine if there is going to be litigation and if so to resolve it expeditiously since pending litigation is usually fatal to the issuance or marketing of bonds. The urban-county does not know the amount of bonds it is even going to have to issue until it finds out how many of those specially assessed intend to pay in a lump sum. The bonds are issued only to cover the installment payments. If, as plaintiff suggests, due process requires that a hearing be held at this point in time, one would never know when or whether the bonds could be safely issued.[2]
 
 
 12
 Due process does not require a perfect hearing but, rather, that there be provided an orderly process whereby persons situated such as Cox can object to the project, the estimated cost of the project, the method of financing the project, and the general amount of such assessments. This type of hearing was not only provided to Cox but more significantly for our purposes he has already unsuccessfully challenged this hearing process all the way to the United States Supreme Court. Plaintiff has had his day in court and the determinations made are res judicata of the claims here.[3]
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Cox relies primarily on Londoner v. Denver, 210 U.S. 373, 28 S.Ct. 708, 52 L.Ed. 1103 (1907), and Moses Lake Homes, Inc. v. Grant County, 365 U.S. 744, 81 S.Ct. 870, 6 L.Ed.2d 66, reh'g denied, 366 U.S. 947, 81 S.Ct. 1671, 6 L.Ed.2d 858 (1961). See n. 3, infra
 
 
 [2]
 The statute addresses a statute of limitations running for 30 days from passage of the ordinance of determination. Plaintiff does not suggest here what further time period is to be allowed to bring suit if a second hearing were held as he suggests
 
 
 [3]
 Plaintiff's heavy reliance on Moses Lake Homes, Inc. v. Grant County is totally misplaced. Moses involved real property taxes being assessed against a leasehold by a local unit of government. The mere placing of this property on the tax rolls was challenged since the Federal government was the owner of the leased land. At almost the same time this litigation was institued, Congress passed legislation specifically making such leasehold interests taxable. When the county then began levying taxes, it did so admittedly upon a valuation computed on a different basis than if the lands had been state owned. The same congressional legislation which made these Federal lands taxable provided, however, that the taxes could not exceed those imposed on similar property of similar value. When the matter was before the Ninth Circuit, that court sent the case back to the district court to correctly compute the taxes. The Supreme Court reversed this remand and held the tax void and not capable of recomputation. The county then tried to argue that the Washington Supreme Court had earlier ruled these lands taxable and this holding should be res judicata. The Supreme Court rejected this argument and held that the decision of the Washington Supreme Court that the lands are taxable was not at issue in the case at bar and that the Washington Supreme Court had never had before it nor considered the issue of a discriminatory tax and assessment specifically prohibited by Congress. Under those circumstances, there obviously was no res judicata effect as to the precise issues before the Court in Moses. This situation is totally inapposite factually from the case at bar
 Similarly, we find Londoner v. Denver to be of no help to plaintiff's claims. In Londoner, the Supreme Court ruled that where a hearing was required before assessments on taxes could become "irrevocably fixed," merely providing an opportunity to file written objections did not satisfy due process. Londoner teaches nothing about when a hearing must be held. Here, plaintiff was afforded a public hearing which comports with the holding in Londoner.